UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ADAM MORALES,

      Plaintiff,

  -against-

HON. HELENE GUGERTY, Nassau County Court
Judge, HON. CHRISTOPHER QUINN, Supervising
Judge, Nassau County Criminal Courts, HON.
THOMAS ADAMS, Administrative Judge, Tenth
Judicial District, Nassau County, PAUL LAMANA,
District Executive, Tenth Judicial District, Nassau
County, MAUREEN O'CONNELL, County Clerk,
Nassau County, DONALD VETTER, Chief Clerk,
County Court, Nassau County, JEFFREY GRODER,
Attorney at Law, and DEVANE and GRODER, LLP,

      Defendants.
-----------------------------------------------------------------X

MEMORANDUM AND ORDER
14-CV-3706 (JFB)(ARL)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 03 2014 ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

On June 11, 2014, *pro se* plaintiff Adam Morales ("plaintiff") filed an *in forma pauperis* complaint against the Honorable Helene Gugerty, Nassau County Court Judge ("Judge Gugerty"); the Honorable Christopher Quinn, Supervising Judge, Nassau County Criminal Court ("Judge Quinn"); the Honorable Thomas Adams, Administrative Judge, Tenth Judicial District, Nassau County ("Judge Adams"); Paul LaMana, District Executive, Tenth Judicial District, Nassau County ("LaMana"); Maureen O'Connell, County Clerk, Nassau County ("O'Connell"); Donald Vetter, Chief Clerk, County Court, Nassau County ("Vetter"); Jeffrey Groder, Attorney at Law ("Groder"); and Devane and Groder, LLP (the "Law Firm") (collectively, "defendants"). Accompanying the complaint is an application to proceed *in forma pauperis*. For the reasons that follow, plaintiff's application to proceed *in forma pauperis* is granted, and the complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b) and Federal Rule

of Civil Procedure 12(h)(3). Given the dismissal of the complaint, plaintiff's request for preliminary injunctive relief is denied as moot.

DISCUSSION

I. The Complaint

Plaintiff, a pre-trial detainee at the Nassau County Correctional Center under Nassau County Criminal Court Indictment No. 1628N-2013, claims that members of the New York State Unified Court System, and his criminal defense attorney, conspired to deprive him of his constitutional rights. (Compl. at page 18). As a result, plaintiff now challenges, *inter alia*, the case assignment procedure in the state court.

More specifically, plaintiff claims that he was arrested on August 28, 2013 based on a report made by his estranged wife. (Compl. at ¶ 14). Plaintiff was indicted and charged with assault, possession of a weapon or dangerous instrument and "several counts of criminal contempt based on violation of orders of protection." (Compl. at ¶ 16). Plaintiff's criminal case was assigned to Judge Gugerty, who has presided over the case since the indictment, and Groder was appointed to represent plaintiff. (Compl. at ¶¶ 17-18). According to the complaint, all "acts taken by [Judge] Gugerty [were] as part of her judicial role in conjunction with the criminal case." (Compl. at ¶ 13). Plaintiff alleges that Judge Gugerty "persistently prevented plaintiff from speaking on his own behalf," set excessive bail, and had plaintiff removed from the courtroom. (Compl. at ¶ 20). Judge Gugerty also allegedly "knowingly assist[ed] the District Attorney's officer in unlawfully suppressing Brady material." (*Id.*) Although plaintiff "repeatedly made demands to proceed *pro se*, Judge Gugerty denied his requests. (Compl. at ¶ 22). According to the complaint, Judge Gugerty instructed Groder to "hold back" in his defense of plaintiff and

2

suggested that unless he did so, Groder would "never win another case in Nassau County, especially in her part." (Compl. at ¶ 23). Plaintiff claims that he instructed Groder to file an ethics complaint against Judge Gugerty but Groder refused, claiming that it would "affect his practice and he had a career to worry about." (Compl. at ¶¶ 51-52).

Plaintiff's estranged wife filed a family offense petition in the Nassau County Family Court following plaintiff's arrest. (Compl. at ¶ 15). A three-day trial was held where plaintiff represented himself and "extensively cross-examined" the complainant, his estranged wife. (Compl. at ¶ 25). Plaintiff claims that the complainant knowingly made false statements during her testimony all for the purpose of divorcing plaintiff and obtaining sole custody of their children. (*Id.*). Following the complainant's testimony in the Family Court proceeding, plaintiff filed a petition for a writ of habeas corpus (the "writ") in the New York State Supreme Court, Nassau County, claiming that his imprisonment was illegal based on the doctrines of *res judicata* and *collateral estoppel*. (Compl. at ¶ 29). The writ was treated as a motion in his underlying criminal case and assigned to Judge Gugerty, rather than as new petition. (Compl. at ¶ 30).

Plaintiff next filed a petition for a writ of prohibition with the Appellate Division, Second Department, "to prohibit the illegal practices being employed by the defendants Gugerty, Adams, and O'Connell with respect to the processing of petitions for writs of habeas corpus filed in Nassau County." (Compl. at ¶ 31). According to plaintiff, the writ should have been processed as a new civil action, namely a special proceeding, pursuant to Article 78 of the New York Civil Practice Laws and Rules ("C.P.L.R."). (Compl. at ¶¶ 30-37). Plaintiff complains that "[s]ince the writ of habeas corpus is traditionally used to inquire into the legality of a detention imposed by one judge, to have that same judge determine the legality of the detention (or excessive bail)

would present a clear conflict of interest." (Compl. at ¶ 38). Thus, "[d]efendants Quinn, Adams, Lamana, O'Connell, and Vetter, by their policies or customs, have elected to treat petitions for writs of habeas corpus as 'motions', as opposed to 'special proceedings', and to assign <u>every</u> petition to the judge assigned to the criminal case." (Compl. at ¶ 40) (emphasis in original). Plaintiff complaints that, on June 4, 2014, Judge Gugerty denied the writ after a hearing, even though the plaintiff's application for a writ of prohibition remains pending before the Appellate Division. (Compl. at ¶¶ 57, 59).

As a result of the foregoing, plaintiff claims that he has been deprived of due process of law and of his right to counsel under the Sixth and Fourteenth Amendments to the U.S. Constitution as well as Article I of the New York State Constitution. (Compl. at ¶¶ 67, 71). For relief, plaintiff seeks: (1) a declaratory judgment "declaring that the official policy or custom of defendants Quinn, Adams, Lamana, O'Connell and Vetter . . . deprives plaintiff of due process of law" and of his "right to counsel and self representation." (Compl. at ¶¶ VI.A.1-2); (2) a preliminary and permanent injunction: (a) enjoining "defendants Quinn, Adams, Lamana, O'Connell and Vetter from continuing the official policy or custom of suspending the writ of habeas corpus; (b) compelling Judge Gugerty to recuse herself from any further proceedings concerning plaintiff; (c) compelling Judge Quinn to reassign the criminal case now pending in the Criminal Court, Nassau County; (d) relieving Groder as plaintiff's criminal defense counsel; and (e) allowing plaintiff to proceed *pro se* with one of the following members of the 18-B panel appointed as "standby counsel": Virgina Conroy, Nancy Bartling, Beth Lander, Anthony Grandinrtti, Anthony Collelouri, and William D. Shanahan. (Compl. at ¶¶ VI.B.1-3). Finally, plaintiff also seeks to recover a damages award of $8 million. (Compl. at ¶ V.)

4

II.     Application to Proceed *In Forma Pauperis*

Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court determines that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

III.    Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. *See id.*

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read plaintiff's *pro se* complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments'" suggested, *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, 133 S. Ct. 1659 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

5

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679 (citations omitted). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." *Id.* at 678; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted), and must show that the court has subject matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); Fed. R. Civ. P. 12(h)(3).

A. Subject Matter Jurisdiction

As a threshold matter, the Court must determine whether it has subject matter jurisdiction to adjudicate plaintiff's claims. "Federal courts must determine that they have jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court *sua sponte*. *Id.* If subject matter jurisdiction is lacking, the action must be dismissed. *Id.* at 700-01; Fed. R. Civ. P. 12(h)(3).

6

1. *Rooker Feldman*

It is well settled that the *Rooker-Feldman* doctrine precludes lower federal courts from exercising jurisdiction over claims that seek to "collaterally attack"—*i.e.* reverse or modify—a state court judgment. *See Lipko v. Christie*, 94 F. App'x 12, 14 (2d Cir. 2004) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983)); *Davis v. Baldwin*, 12-CV-6422, 2013 WL 6877560 (S.D.N.Y. Dec. 31, 2013) (applying *Rooker-Feldman* doctrine to review "collateral attack" of Family Court Order); *Anghel v. N.Y. State Dep't of Health*, 947 F. Supp. 2d 284 (E.D.N.Y. 2013) (*Rooker-Feldman* "mandates that a federal district court may not review collateral attacks upon a state court determination.").

The Second Circuit has delineated four requirements for *Rooker Feldman* to apply: (1) "the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by a state-court judgment"; (3) "the plaintiff must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." *Hoblock v. Albany Cnty. Bd. of Elecs.*, 422 F.3d 77, 85 (2d Cir. 2005) (internal quotations and alterations omitted). Here, plaintiff complains, *inter alia*, that he has been deprived of due process because the writ he filed challenging his imprisonment was assigned to Judge Gugherty, who then denied the writ on June 4, 2014. Plaintiff invites this court to review and reject Judge Gugerty's June 4 denial, rendered seven days before the plaintiff commenced the instant action on June 11, 2014. Thus, the requirements of *Rooker-Feldman* are met, depriving this Court of jurisdiction to adjudicate plaintiff's claims. *See MacPherson v. Town of Southampton*, 738 F. Supp. 2d 353, 365 (E.D.N.Y. 2010) (holding that plaintiff's action

7

was barred by *Rooker-Feldman* where "a finding by this Court that Defendants' conduct violated Plaintiffs' due process rights would necessarily involve a review of the state court's determination"); *Cogswell v. Rodriguez*, 304 F. Supp. 2d 350, 355-56 (E.D.N.Y. 2004) (holding that due process and equal protection claims were inextricably intertwined with the Family Court's determinations regarding child support and could have been raised in state court, either in the Family Court or on appeal); *see also Bernstein v. New York*, No. 06 Civ. 5681(SAS), 2007 WL 438169, at *6 (S.D.N.Y. Feb. 9, 2007) (where plaintiff attempted to avoid the application of *Rooker-Feldman* by "present[ing] his claim as independent from his appeal of the state court . . . order by stating that he . . . was denied due process in the course of, and not *as a result of*, the judicial proceedings that led to the state court judgment," holding that the *Rooker–Feldman* doctrine nevertheless barred plaintiff's claim because "[i]f th[e] Court were to declare that [plaintiff] was denied due process during the state court proceedings, it would effectively be reversing a judgment of the state court" (emphasis in original)); *Wu v. Levine*, No. 05 Civ. 1234(NG), 2005 WL 2340722, at *2 (E.D.N.Y. June 7, 2005) (holding that where "plaintiff's claims of constitutional and civil rights violations arise from the state court proceedings," plaintiff "cannot circumvent the *Rooker-Feldman* doctrine by recasting her claims as a federal civil rights violation"), *aff'd*, 314 F. App'x 376 (2d Cir. 2009).

Because lower federal courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005), review of final state court judgments may be sought in the United States Supreme Court, because it alone is

vested under 28 U.S.C. § 1257 with jurisdiction over appeals from final state court judgments. *See Feldman*, 460 U.S. at 482; *Atl. Coast Line R.R. Co. v. Locomotive Eng'rs*, 398 U.S. 281, 286, (1970) ("While the lower federal courts were given certain powers in the [Judiciary Act of 1789], they were not given any power to review directly cases from state courts, and they have not been given such powers since that time. Only the Supreme Court was authorized to review on direct appeal the decisions of state courts.").

    2.  *Younger* Abstention

To the extent plaintiff requests that this Court intervene in his pending criminal prosecution, that request is denied. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that the district court could not enjoin an ongoing state prosecution, regardless of whether the law under which the plaintiff was being prosecuted was constitutional, citing, *inter alia*, the federalism principles central to the United States Constitution. *Id.* at 44–45, 56. The Second Circuit has held that "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court," unless the plaintiff can show extraordinary circumstances to warrant intervention in the ongoing proceeding. *Hansel v. Springfield*, 56 F.3d 391, 393 (2d Cir. 1995). "*Younger* is not a jurisdictional bar based on Article III requirements, but instead a prudential limitation on the court's exercise of jurisdiction grounded in equitable considerations of comity." *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003).

Here, all three *Younger* requirements are met. First, the complaint reflects that state

9

proceedings are ongoing in the criminal action.[1] Second, the resolution of plaintiff's criminal case is an important state interest. Finally, plaintiff has not alleged that the state courts are an inadequate forum for raising his constitutional claims. Indeed, plaintiff alleges that he has filed a still-pending writ of prohibition with the Appellate Division, Second Department. Thus, the plaintiff has utilized the state court's "forum for raising his constitutional claims" and must allow that process to run its course.

*Kaufman v. Kaye*, 466 F.3d 83 (2d Cir. 2006), is instructive. There, the plaintiff challenged the system for assigning panels of judges in the Second Department of the Appellate Division, claiming the procedure violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment. The plaintiff sought, *inter alia*, an injunction requiring the New York state legislature to establish a new system of assigning appeals in Second Department and the vacatur of a number of Second Department decisions adverse to plaintiff. The Second Circuit chose to abstain from deciding the case because the relief sought "would be . . . intrusive in the administration of the New York court system." *Id.* at 86 (citing *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974)). So too here, the Court abstains from deciding plaintiff's claims against Judge Quinn, Judge Adams, LaMana, O'Connell and Vetter, because the relief would be too intrusive to the administration of the New York state court system.

    B.    Claims Against Judge Gugerty

        1.    Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution provides:

---

[1] The New York State Unified Court System's website also lists plaintiff's criminal case, *People v. Morales*, 01628N-2013, as on-going. *See* http://iapps.courts.state.ny.us/webcrim (last visited July 2, 2014).

> The Judicial power of the United States shall not be construed to
> extend to any suit in law or equity, commenced or prosecuted
> against one of the United States by Citizens of another State, or by
> Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "The reach of the Eleventh Amendment has . . . been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns . . . ." *State Emps. Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007) (quoting *W. Mohegan Tribe & Nation v. Orange Cnty.*, 395 F.3d 18, 20 (2d Cir. 2004)) (alterations in original). Eleventh Amendment immunity also extends to suits for money damages against state officials in their official capacities. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (internal citation omitted)); *McNamara v. Kaye*, No. 06-CV-5169 (DLI)(CLP), 2008 WL 3836024, at *8 (E.D.N.Y. Aug. 13, 2008) ("[L]awsuits against state officers acting [in] their official capacity and lawsuits against state courts are considered to be lawsuits against the state."). Here, plaintiff's Section 1983 claim for money damages against Judge Gugerty in her official capacity is clearly barred by the Eleventh Amendment and is dismissed.

2. Judicial Immunity

Apart from the Eleventh Amendment, plaintiff's claim for monetary damages against Judge Gugerty is barred by judicial immunity. Judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (*per curiam*). The absolute judicial immunity of the court "is not

overcome by allegations of bad faith or malice" or "because the action he took was in error . . . or in excess of his authority." *Id.*, 502 U.S. at 11, 13 (quotations and citations omitted); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 815-19 (1982) (allegations of malice are insufficient to overcome qualified immunity); *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). This immunity may be overcome only if a judge is alleged to have taken "nonjudicial actions" or if judicial actions were taken "in the complete absence of all jurisdiction." *Mireles*, at 11-12.

As is readily apparent, Judge Gugerty is entitled to absolute judicial immunity. Even liberally construed, plaintiff alleges no acts performed by Judge Gugerty that fall outside the scope of absolute judicial immunity. Indeed, plaintiff affirmatively alleges that "all acts taken by [Judge] Gugerty [were] as part of her judicial role in conjunction with the criminal case." (Compl. ¶ 13). Accordingly, the claims against Judge Gugerty are barred by judicial immunity and are dismissed.

Further, to the extent plaintiff sues Judge Gugerty seeking injunctive relief pursuant to Section 1983, the claim must still be dismissed. Pursuant to the Federal Courts Improvement Act of 1996 ("FICA"), Pub. L. No. 104-317, § 309(c), 110 Stat. 3847 (1996), injunctive relief is barred in any Section 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *Id.* § 309(c), 110 Stat. at 3853 (amending 42 U.S.C. § 1983); *see Hili v. Sciarrotta*, 140 F.3d 210, 215 (2d Cir. 1998) ("Congress amended § 1983 to bar injunctive relief 'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'"

12

(quoting 42 U.S.C. § 1983)). Plaintiff does not allege that a "declaratory decree was violated" or that "declaratory relief was unavailable." 42 U.S.C. § 1983, *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999). Indeed, plaintiff alleges that his petition for a writ of prohibition remains pending with the Appellate Division, Second Department. (Compl. ¶¶ 31, 57, 59). Accordingly, plaintiff's claims against Judge Gugerty seeking injunctive relief are foreclosed and are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

C. Section 1983 Claims Against Groder and Devane and Groder LLP

With regard to plaintiff's claims against Groder and Devane and Groder, LLP, Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)). Accordingly, "a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted); *see also Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) ("A plaintiff pressing a claim of violation of his constitutional rights under Section 1983 is . . . required to show state action." (internal quotation marks and citation omitted)). Indeed, "the under-color-of- state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted).

However, Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323-24 (2d Cir. 2002). In order to state a Section 1983 conspiracy claim, a plaintiff must

allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Id.* at 324-25 (citing *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999)). Here, although plaintiff alleges that Groder and Devane and Groder, LLP are "private entities who conspired with state actors," he has not alleged a plausible conspiracy claim. Plaintiff alleges only that Groder "conspired" with Judge Gugerty in that she instructed Groder "to hold back in his defense of plaintiff" and cautioned Groder that he "would never win another case in Nassau County, especially in her part" unless Groder complied. (Compl. at ¶ III.C.) However, even accepting these allegations as true, plaintiff does not allege that any overt act was done in furtherance of the infliction of an unconstitutional injury causing damage to plaintiff. Wholly absent are any allegations that Groder did, in fact, "hold back" in his defense of plaintiff. Rather, plaintiff alleges that Groder advised plaintiff that "he had a serious dilemma with respect to his continued representation of plaintiff because of [Judge] Gugerty's demand that he 'hold back' with regard to [his] defense of plaintiff." (Compl. at ¶ 50). Moreover, plaintiff alleges that Groder, rather than continue his representation, renewed plaintiff's application for plaintiff to proceed *pro se*. (Compl. at ¶ 56). Thus, as is readily apparent, plaintiff has not alleged a plausible conspiracy claim. In the absence of any state action, plaintiff's Section 1983 claims against Groder and Devane and Groder LLP are not plausible as a matter of law. *Ciambriello*, 292 F.3d at 325. Accordingly, plaintiff's Section 1983 claims against Groder and Devane and Groder LLP are dismissed, and plaintiff may pursue any valid state law claims he may have against these defendants in state court.

IV.     Leave to Amend

In light of the pleading deficiencies set forth above, the Court has considered whether plaintiff should be given an opportunity to re-plead. Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). "This relaxed standard applies with particular force to pro se litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999). The Second Circuit has emphasized that a "court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citations and internal quotation marks omitted); *see also Chappius*, 618 F.3d at 170. Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

Here, the deficiencies in plaintiff's claims are substantive in nature and, as such, cannot be remedied by amendment. Accordingly, the court declines to grant plaintiff leave to file an amended complaint. However, plaintiff may pursue any valid claims he may have against the defendants in state court.

## CONCLUSION

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and his complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). Given the dismissal of the complaint, plaintiff's request for preliminary injunctive relief is denied as moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

JOSEPH F. BIANCO
United States District Judge

Dated: July 3, 2014
Central Islip, New York

16